UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tomaydo-Tomahhdo, LLC, et al., | ) | CASE NO. 1:14 CV 469 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| George Vozary, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants Larry Moore, George Vozary, and Clean Plate, Inc. dba Caterology's Motion for Summary Judgment (Doc. 32).  This is a copyright infringement case. For the reasons that follow, defendants' motion for summary judgment is GRANTED as to plaintiffs' copyright infringement claim.  The Court declines to exercise supplemental jurisdiction over the remaining claims, which are hereby DISMISSED. Also pending is the Motion to Strike Portions of the Affidavit of Rosemary (sic) Carroll (Doc. 39).  The motion is MOOT in light of the Court's ruling on plaintiffs' copyright infringement claim.

### FACTS

1

Only those facts relevant to a disposition of plaintiffs' copyright claim are set forth herein.

Plaintiffs, Tomaydo-Tomahhdo LLC, Ketchup to Us, LLC, Tomaydo-Tomahhdo Express, LLC, Mise-En-Place, Inc., and Rosemarie I. Carroll, brought this lawsuit against defendants, George Vozary, Clean Plate, Inc. dba Caterology, and Larry Moore, alleging wrongdoing in connection with the use of recipes at defendants' restaurants.

Carroll and Moore have a history of jointly owning restaurants, including Ketchup to Us dba Tomaydo-Tomadhho ("Tomaydo-Tomadhho"). Moore developed the menu items and, by her own testimony, Carroll played no role in the development of the menu. Carroll further testified that she does not know how Moore developed the recipes or what served as Moore's inspiration for the development of the recipes. The menu consists of basic fare, including sandwiches, salads, pizza, chicken wings, and the like. According to Moore, none of the menu items were new or innovative and none contained unique or signature ingredients.

In 2004, Carroll and Moore opened a second restaurant serving similar food items. In 2007, Carroll purchased Moore's interest in the restaurants. The purchase was made pursuant to a Share Purchase Agreement ("SPA"). The SPA contained certain covenants regarding the use of confidential information and the solicitation of employees. In addition, Moore was required to return "all originals and copies of graphic design files, videos, photographs [ ], menu files and development ideas, recipes (current and historical) and training tools (picture boards, build sheets, prep lists, master order guide)..."

In December of 2008, Moore opened a restaurant named Go Bistro, which closed in 2010. In 2011, Moore and defendant Vozary, a former Tomaydo-Tomadhho employee, began

2

operating an entity known to the public as Caterology. Carroll alleges that she created the "Tomaydo Tomahhdo Recipe Book" in 2012 and sought copyright protection on February 12, 2014. Neither Moore nor Vozary was employed at Tomaydo-Tomahhdo in 2012.

This lawsuit followed. The gist of the complaint is that defendants are using the same recipes and creating the same dishes and menu items as those served at Tomaydo-Tomahhdo. Plaintiffs also allege wrongdoing in connection with certain other confidential information. The complaint contains eight claims for relief. Count one is a claim for copyright infringement under 17 U.S.C. §501 asserted against all defendants. Counts two and three assert claims against defendant Vozary for breach of fiduciary duty and breach of contract, respectively. Counts four through seven are asserted against all defendants and allege misappropriation of trade secrets, unfair competition, tortious interference with current and prospective business relationships, and civil conspiracy, respectively. Count nine is a claim for breach of contract asserted against defendant Moore.

Defendants move for summary judgment and plaintiffs oppose the motion.

**STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure, as amended on December 1, 2010, provides in relevant part that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed .R.Civ.P. 56(a).

Rule 56(e) provides in relevant part that "[i]f a party fails to properly support an assertion

of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion ... [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed-show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

Although Congress amended the summary judgment rule, the "standard for granting summary judgment remain unchanged" and the amendment "will not affect continuing development of the decisional law construing and applying" the standard. See, Fed.R.Civ.P. 56, Committee Notes at 31.

Accordingly, summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759

F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted). **ANALYSIS**

1. Copyright infringement claim

Defendants argue that plaintiffs' copyright infringement claim fails because plaintiffs have no protectable interest in the recipes contained in the recipe book. According to defendants, copyright protection does not extend to the recipes themselves. At best, if the recipe book is worthy of copyright protection, it extends only to the layout and other artistic embodiments contained in the book itself. As defendants had no access to the recipe book, there can be no infringement. Moreover, defendants argue that there is no evidence suggesting that defendants copied the recipes. According to defendants, plaintiffs' own chart indicates that the menu items at Caterology, while similar in type, differ from the menu items offered at plaintiffs' restaurants. Plaintiffs argue that "substantial evidence" exists indicating that defendants "used and/or copied plaintiffs' copyrighted compilation of recipes, training tools, and menu items...."

5

According to plaintiffs, defendants infringed by creating derivative works.  Plaintiffs claim that defendants' menus, offerings, recipes, and presentation of food are "virtually" identical to plaintiffs' copyright.  Plaintiffs claim that they have a valid compilation copyright.  In addition, plaintiffs argue that although the copyright was obtained in 2014, common law copyright protection exists because the recipes were created while defendants had access to them.

Assuming *arguendo* that the recipe book is a copyrightable compilation, plaintiffs' copyright claim nonetheless fails.[1]

> The identification of ingredients necessary for the preparation of food is a statement of facts.  There is no expressive element deserving copyright protection in each listing.  Thus, recipes are functional directions for achieving a result and are excluded from copyright protection under 17 U.S.C. 102(b).

*Lambing v. Godiva Chocolatier*, 142 F.3d 434 (unpublished) (6th Cir. 1998).  The "protection for ideas or processes is the purview of [the] patent."  *Publications Int'l Ltd. v. Meredith Corp.*, 88 F.3d 473, 481 (7th Cir. 1996).  Although copyright protection may extend to a recipe book or cookbook to the extent it is a compilation, the copyright protection afforded to compilations extends to the "order and manner of the presentation of the compilation's elements, but does not necessarily embrace those elements."  *Id*. at 480 (citations and quotations omitted).  In other words, "when the elements that compose a compilation are not themselves copyrightable, the only conceivable expression is the manner in which the compiler has selected and arranged the facts."  *Id*.  "A factual compilation is eligible for copyright if it features an original selection or arrangement of facts, but the copyright is limited to the particular selection or arrangement."  *Id*.

---

[1] There is some question as to whether the book could even be considered a compilation since it appears to be simply a collection of recipes each listed on a separate page.  The Court, however, need not reach that issue.

The copyright, however, does not extend to the facts themselves.

Upon review, the Court finds that defendants are entitled to summary judgment on plaintiffs' copyright infringement claim.  To the extent plaintiffs have a valid copyright in the recipe book, the copyright protection extends to the layout and creative expression contained in the book.  It does not extend to the recipes themselves.  There is simply no allegation that defendants infringed on the layout or other creative *expression* contained in the recipe book.  Rather, it is readily apparent that plaintiffs contend that defendants are wrongfully creating menu items by using plaintiffs' recipes.  As set forth above, however, the recipes themselves are not copyrightable and thus, any use of the recipes is not infringement.  *See, e.g.*, *Lambing,* 142 F.3d 434 (district court correctly dismissed copyright infringement claim based on plaintiff's allegations that Godiva violated a copyright by preparing and selling a truffle described in plaintiff's recipe book, as recipes are not copyrightable); *Publications Int'l Ltd.,* 88 F.3d 473 (copyright protection covering recipe book for yogurt products did not extend to cover the recipes themselves and, therefore, defendant's publication of substantially similar recipes did not violate plaintiff's compilation copyright).   Plaintiffs fail to identify any evidence supporting a suggestion that defendants somehow copied the "manner and order" in which the recipes were presented.  Therefore, plaintiffs' copyright infringement claim fails as a matter of law.

In opposition to defendants' motion, Carroll offers her own affidavit.  Defendants move to strike the affidavit on a number of grounds.  The only paragraph of the affidavit directed at the copyright infringement claim suggests that Carroll conducted a comparison test of the various recipes and menu items offered by plaintiffs and defendants.  According to Carroll, the results of the comparison test establish that defendants copied plaintiffs' recipes.  Defendants claim that

this "comparison" test is inadmissible. The Court need not reach this issue because, as set forth above, the copyright protection does not extend to the recipes themselves. Moreover, even if the Court were to consider the affidavit on this point, it strongly *undercuts* plaintiffs' position. For example, Carroll notes that plaintiffs make a "pesto chicken salad" sandwich, which is comprised of "pesto chicken salad, provolone cheese, red onion, lettuce, 'tomaydo,' and pesto mayo on focaccia bread." According to Caroll, defendants copied this recipe. Carroll's affidavit indicates, however, that defendants' chicken salad sandwich is served with mozzarella cheese instead of provolone. It has regular–not pesto–mayonaise and, unlike plaintiffs' sandwich, contains pecans and apples. This is but one of a number of examples contained in Carroll's affidavit that show dissimilarities between the parties' dishes. In short, even if the Court were to consider this "comparison" test, the test actually demonstrates that the food items served by defendants are *different* from those offered by plaintiffs. Certainly, plaintiffs cannot be suggesting that somehow the copyright prevents defendants from serving chicken salad sandwiches.

      2. Supplemental jurisdiction over state law claims

Having disposed of the federal copyright claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c). Diversity is lacking in this case. The Sixth Circuit has held that "a district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1998). In deciding whether to exercise such jurisdiction, a district court "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against

needlessly deciding state law issues." *Landefeld v. Marion General Hosp., Inc*., 994 F.2d 1178, 1182 (6th Cir. 1993). The parties point to a number of issues of state law, including, whether O.R.C. § 1333.67(D) displaces plaintiffs' claims for civil conspiracy, tortious interference, unfair competition, and breach of fiduciary duty. Moreover, it is apparent from a fair reading of the complaint that the thrust of this case is a business dispute involving issues of state law. The Court finds that these issues are better left to the state courts.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment is GRANTED as to plaintiffs' copyright infringement claim. The Court declines to exercise supplemental jurisdiction over the remaining claims, which are hereby DISMISSED. Defendants' Motion to Strike Portions of the Affidavit of Rosemary (sic) Carroll (Doc. 39) is MOOT in light of the Court's ruling on plaintiffs' copyright infringement claim.

IT IS SO ORDERED.


          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge

Dated: 1/29/15